# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMONA FLORES, | Case No. CV 12-10818 JCG |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,[1] | |
| Defendant. | |

Ramona Flores ("Plaintiff") challenges the Social Security Commissioner's decision denying her application for disability benefits. Plaintiff contends, among other things, that the Administrative Law Judge ("ALJ") erred at step two by finding no severe mental impairments. (Joint Stip. at 4-11, 14-15.) Specifically, Plaintiff argues that the ALJ misinterpreted the medical evidence by failing to translate language used in Plaintiff's workers' compensation disability reports into comparable Social Security terminology. (*Id.* at 8-9.) The Court agrees with Plaintiff for the reasons discussed below.

---

[1] Carolyn W. Colvin is substituted as the proper defendant herein. *See* Fed. R. Civ. P. 25(d).

1        A.   Step Two Requires Only a *De Minimis* Showing of Limitation

2        Step two serves as a "'*de minimis* screening device to dispose of groundless claims.'" *Edlund v. Massanari*, 253 F.3d 1152, 1158 (9th Cir. 2001) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996)). An impairment is not severe "only if the evidence establishes a *slight* abnormality that has no more than a *minimal* effect on an individual[']s ability to work." *Smolen*, 80 F.3d at 1290 (emphasis added, internal quotation marks and citation omitted). Such a finding must be "'clearly established by medical evidence.'" *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005) (quoting Social Security Ruling 85-28, 1985 WL 56856, at *3). With respect to mental limitations in social functioning, concentration, persistence, or pace, a non-severe finding is appropriate only if they are rated as "none" or "mild." *See Hoopai v. Astrue*, 499 F.3d 1071, 1077-78 (9th Cir. 2007); 20 C.F.R. § 404.1520a(d)(1).

         B.   The ALJ Erred By Misinterpreting the Medical Evidence Upon Which He Relied

         The ALJ misinterpreted the medical evidence in deciding that Plaintiff's mental limitations were "mild" and, ultimately, non-severe. The ALJ relied on a Work Function Impairment Form submitted by Plaintiff's examining physician, Dr. Warren F. Procci. (Administrative Record ("AR") at 25) ("I find this assessment supports the conclusion that the claimant's mental health impairments are non-severe.") However, Dr. Procci filled out the Form, provided by the California Department of Industrial Relations, for Plaintiff's workers' compensation disability report. (*Id.* at 231); *see* Cal. Code Regs., tit. 8, § 43 Ex. A (2008). The ALJ misconstrued Dr. Procci's assessment because he failed to translate the relevant workers' compensation terminology into Social Security disability vernacular.

         Dr. Procci used terms that carry distinct meanings in the workers' compensation context when he diagnosed Plaintiff. (*See* AR at 247); Cal. Code Regs., tit. 8, § 43 (2008). He found that Plaintiff had a "slight" impairment in the

2

1  ability to follow instructions; maintain a work pace appropriate to a given work load;
2  make generalizations, evaluations or decisions without immediate supervision; and
3  accept and carry out responsibility for direction, control, and planning.  (AR at 247.)
4  Dr. Procci further noted that Plaintiff had a "slight to moderate" impairment in the
5  ability to perform complex or varied tasks; relate to other people beyond giving and
6  receiving; and influence people.  (*Id.*)  In workers' compensation parlance, a "slight"
7  level of impairment means a "noticeable" impairment, while a "moderate"
8  impairment means a "marked" impairment.  (*See* Joint Stip. at 9); *Piz v. Astrue*, 2008
9  WL 4567126 at *3 n.3 (C.D. Cal. Oct. 20, 2008); Cal. Code Regs., tit. 8, § 43
10 (2008).
11       Courts have repeatedly held that an ALJ's opinion is not supported by
12 substantial evidence where he fails to translate the terms "slight" and "moderate"
13 from the workers' compensation setting into the context of Social Security disability
14 determinations.  *See Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 574,
15 576 (9th Cir. 1988) (holding that ALJ's decision "was not supported by substantial
16 evidence because the ALJ had not adequately considered definitional differences
17 between the California workers' compensation system and the Social Security
18 Act."); *Piz*, 2008 WL 4567126, at *3 ("the Court is unable to affirm the ALJ's
19 assessment of the mental limitations caused by plaintiff's mental impairment
20 because . . . it is evident from the hearing decision that the ALJ failed to consider the
21 [workers' compensation] definitions of the terms "slight," "moderate," and
22 "severe."); *Payan v. Chater*, 959 F. Supp. 1197, 1204 (C.D. Cal. 1996) (ALJ failed
23 to properly consider the doctor's use of workers' compensation terminology "slight
24 to moderate limitations").
25       Here, the ALJ failed to translate the workers' compensation terms "slight" and
26 "moderate" into Social Security disability terminology.  Properly read, Dr, Procci
27 opined that Plaintiff suffers from noticeable impairments in the ability to follow
28 instructions; maintain a work pace appropriate to a given work load; make

generalizations, evaluations or decisions without immediate supervision; and accept and carry out responsibility for direction, control, and planning, and noticeable to marked impairments in ability to perform complex or varied tasks; relate to other people beyond giving and receiving; and influence people. (*See* AR at 247); Cal. Code Regs., tit. 8, § 43 (2008).

### C. The Medical Evidence Does Not Clearly Establish the Non-Severity of Plaintiff's Mental Impairment

Because the ALJ misinterpreted the medical evidence, he does not clearly establish the non-severity of Plaintiff's mental impairment. The ALJ did not explore whether Plaintiff's noticeable and noticeable to marked impairments "ha[ve] no more than a minimal effect on an [Plaintiff's] ability to work." *See Smolen*, 80 F.3d at 1290. The Court does not find "clear evidence" that Plaintiff's noticeable limitations in pace (to "maintain a work pace appropriate to a given work load"), and noticeable to marked limitations in social functioning (to "relate to other people beyond giving and receiving"), are rated as "none" or "mild." *See Webb*, 433 F.3d at 687; 20 C.F.R. § 404.1520a(d)(1).

Further, if the ALJ was uncertain about the significance of Dr. Procci's opinion of Plaintiff's mental limitations, then the ALJ failed in his duty to adequately develop the record. *See Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983) ("This duty exists even when the claimant is represented by counsel."). "In cases of mental impairments, this duty is especially important." *DeLorme v. Sullivan*, 924 F.2d 841, 849 (9th Cir. 1991). As such, the ALJ does *not* clearly establish the non-severity of Plaintiff's mental impairments, and the Court is unable to affirm the ALJ's opinion.

### D. Remand is Warranted

With error established, this Court has discretion to remand or reverse and award benefits. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). Where no useful purpose would be served by further proceedings, or where the record has been

fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004). But where there are outstanding issues that must be resolved before a determination can be made, or it is not clear from the record that the ALJ would be required to find a plaintiff disabled if all the evidence were properly evaluated, remand is appropriate. *See id.* at 594.

On remand, the ALJ shall obtain, if necessary, additional information and clarification regarding Plaintiff's impairments. On the basis of this information, the ALJ shall then reassess the severity of Plaintiff's impairments at step two with attention to Dr. Procci's opinion.

Based on the foregoing, IT IS ORDERED THAT judgment shall be entered **REVERSING** the decision of the Commissioner denying benefits and **REMANDING** the matter for further administrative action consistent with this decision.[2]

Dated: October 22, 2013

_____
Hon. Jay C. Gandhi
United States Magistrate Judge

---

[2] In light of the Court's remand instructions, it is unnecessary to address Plaintiff's remaining contention. (*See* Joint Stip. at 15-17, 19-20.)

5